J-A05024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD BROWN | : | |
| | : | |
| Appellant | : | No. 1403 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 12, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0008622-2017.

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JUNE 5, 2023**

Edward Brown appeals *nunc pro tunc* from the 10-to-20-year judgment of sentence imposed following his conviction for persons not to possess firearms, under 18 Pa.C.S.A. § 6105(a)(1). We affirm.

The trial court set out the factual background as follows:

> On August 26, 2017, at approximately 3:40 a.m., Officers Daniel Orth and Sean Devlin were patrolling the area near 52nd and Master Streets in a marked police vehicle. The officers pulled up behind a Honda Accord, which was waiting at a red light at the intersection of 52nd and Master Streets. [Brown] was driving the vehicle and he was the only occupant. While the light was still red, [Brown] made a left turn onto Master Street. The officers briefly followed [Brown], who failed to stop at several stop signs before the officers activated the police vehicle's lights and siren to initiate a traffic stop. [Brown] eventually stopped his vehicle near the intersection of 55th and Master Streets. Fearing [Brown] would drive away because his brake lights were on, Officer Orth, who was driving the police vehicle, leaned out the window and ordered [Brown] to take his foot off the brake and turn his car off. Immediately thereafter, [Brown] drove away, turned onto 55th

Street, and began driving at a high rate of speed. The officers followed [Brown] in their vehicle. [Brown] then made a left turn off of 55th Street onto Media Street and crashed into parked vehicles on Media Street.

When the Officers pulled up to the intersection of 55th and Media Streets, they saw that [Brown's] vehicle had crashed. They then observed a dark object being thrown out of the vehicle's open sunroof. Immediately thereafter, [Brown] climbed out of the driver's seat window and began to flee from the officers. Officer Devlin pursued [Brown] on foot and Officer Orth pursued him in his vehicle. As he pursued [Brown], Officer Devlin ordered [Brown] to stop. Initially, [Brown] did not comply, but eventually [Brown] stopped running and Officer Devlin was able to apprehend and handcuff [Brown]. Seeing that his partner had apprehended [Brown], Officer Orth went back to the area where he had observed the dark object that was thrown from [Brown's] vehicle land and found a loaded 9mm handgun on the ground approximately 5 feet from where the car accident took place. Officer Orth then searched [Brown's] vehicle and found 3 rounds of ammunition that matched the type of ammunition that was in the recovered firearm. [Brown] was prohibited from possessing a firearm because he has a felony conviction for robbery.

Trial Court Opinion, 6/24/22, at 2–3 (quoting Trial Court Opinion, 11/15/19, at 2–3) (record citations omitted).

A jury convicted Brown of persons not to possess firearms. On July 12, 2019, Brown was sentenced to 10 to 20 years of imprisonment. Brown filed post-sentence motions, which were denied. On direct appeal, this Court found that all of Brown's claims were either waived or abandoned because his counsel did not develop them. *Commonwealth v. Brown*, No. 2369 EDA 2019, 2020 WL 5797641, at *2–3 (Pa. Super. Sept. 29, 2020) (non-precedential memorandum).

Brown then filed a petition and an amended petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, seeking to reinstate

his direct appeal rights. On April 29, 2022, the PCRA court reinstated Brown's direct appeal rights *nunc pro tunc*. Brown appealed.[1] Brown and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Brown raises three issues for our review:

1. Did the trial court abuse its discretion, and/or make a mistake of law in upholding the verdict in the situation where there was insufficient evidence to demonstrate that [Brown] "was in physical possession or control of a firearm, whether visible, concealed about the person or within the person's reach?"

2. Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied [Brown's] Post-Sentence Motion that the guilty verdict was against the weight of the evidence?

3. Did the [sentencing] court err, abuse its discretion, and/or make a mistake of law when [Brown] was sentenced as a REVOC and the [sentencing court] considered as a factor that somebody with a record like [Brown's] was driving around with a loaded hand gun?

Brown's Brief at 6–7 (reordered for ease of disposition, footnote omitted).

Brown first challenges the sufficiency of the evidence to sustain his conviction. Brown's Brief at 16–17. He argues that the evidence at trial was insufficient to establish that the handgun was in his possession or control.

> Our standard of review in assessing whether sufficient evidence was presented to sustain an appellant's conviction is well-settled. The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying this test, we

---

[1] Brown's notice of appeal mentioned only the order reinstating his appellate rights. In response to this Court's rule to show cause, Brown explained that he meant to appeal from the judgment of sentence, not the PCRA court order. We have amended the case caption accordingly.

may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Boyer*, 282 A.3d 1161, 1171 (Pa. Super. 2022) (brackets omitted) (quoting *Commonwealth v. Walsh*, 36 A.3d 613, 618–19 (Pa. Super. 2012)).

For the Section 6105(a)(1) offense, the Commonwealth was required to prove that Brown possessed a firearm. *Commonwealth v. Antidormi*, 84 A.3d 736, 757 (Pa. Super. 2014). We conclude that the evidence was sufficient to establish this element. Specifically, police testified that they saw a dark object thrown out of the car that Brown had just crashed, and they recovered the handgun from where the object had landed, as well as compatible ammunition in the car. This occurred at 3:40 in the morning, and there was no one else in the car. Viewed in a light most favorable to the Commonwealth as verdict winner, this is sufficient to establish that Brown possessed the handgun. No relief is due on Brown's first claim.

Brown next challenges the weight of the evidence. Brown's Brief at 12–15. He emphasizes that he was never in actual possession of a handgun, that

the officers had previously denied seeing Brown's hand touch the gun, and that the facts do not establish that he constructively possessed the gun.

> The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.
>
> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.
>
> Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Commonwealth v. Arnold*, 284 A.3d 1262, 1277 (Pa. Super. 2022) (quoting

*Commonwealth v. West*, 937 A.2d 516, 521 (Pa. Super. 2007)).

Here, the trial court reasoned that the evidence "plainly established" Brown's guilt. Trial Court Opinion, 11/15/19, at 7. We discern no abuse of discretion. Despite the officer's prior testimony that they did not see Brown's hand touch the gun, there was ample evidence to establish possession. Therefore, the trial court acted within its discretion when it denied Brown's motion. No relief is due on Brown's second claim.

- 5 -

Finally, Brown challenges the discretionary aspects of his sentence. Brown's Brief at 17–18. Specifically, Brown contends that the sentencing court relied on an improper factor by "double counting" his prior record, which was already necessary to establish that he was a person not to possess firearms.

The Commonwealth responds that Brown waived this specific claim by failing to include it in his post-sentence motion, depriving the trial court of the chance to address it in the first instance. Commonwealth's Brief at 8–9.[2] On the merits, the Commonwealth argues that Brown's standard-range sentence was not an abuse of discretion.

We conclude that Brown waived his challenge. His post-sentence motion requested a "mitigated" sentence but did not claim that the sentencing court improperly "double counted" his prior record. Motion for Re-consideration of Sentence, 7/12/19, at 3. We note that Brown's amended PCRA petition sought only to reinstate his direct appeal rights and did not include a request to file amended post-sentence motions *nunc pro tunc*. Amended PCRA Petition, 1/18/22, at 6. Therefore, no relief is due on Brown's final claim.

Judgment of sentence affirmed.

---

[2] The Commonwealth does not argue that Brown waived his claim by failing to include a Pa.R.A.P. 2119(f) statement in his brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2023